IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re ) | Case No. 4:14CV3245 |
| ) | |
| AFY, INC., ) | Bankruptcy Case No. 10-40875 |
| ) | Adversary Proceeding No. 14-04060 |
| Debtor. ) | |
| ) | |
| ) | MEMORANDUM |
| ROBERT A. SEARS; ROBERT A. ) | AND ORDER |
| SEARS, TESTAMENTARY ) | |
| TRUSTEE; AND KORLEY B. ) | |
| SEARS, ) | |
| ) | |
| Plaintiffs/Appellees. ) | |
| ) | |
| v. ) | |
| ) | |
| RHETT R. SEARS; RHETT SEARS ) | |
| REVOCABLE TRUST; RONALD H. ) | |
| SEARS; RON H. SEARS TRUST; ) | |
| and DANE SEARS, ) | |
| ) | |
| Defendants/Appellants. ) | |
| ) | |

    This is an appeal from an order entered by the United States Bankruptcy Court for the District of Nebraska on December 9, 2014, remanding an adversary proceeding to the District Court of Madison County, Nebraska. For the reasons discussed below, the bankruptcy court's order will be reversed and the case will be remanded for further proceedings.[1]

---

[1] I find that oral argument is not needed because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b)(3). Appellants' motion to supplement the record (Filing No. 14) will be granted *instanter*.

On October 20, 2014, Robert A. Sears, individually and as testamentary trustee under the will of Redmond Sears, deceased, and Korley B. Sears ("Appellees), filed a complaint in state court alleging that Rhett R. Sears, Rhett Sears Revocable Trust, Ronald H. Sears, Ron H. Sears Trust, and Dane Sears ("Appellants"), breached an agreement for the sale of their shares of AFY, Inc. stock to Korley B. Sears and the corporation, and that Ronald H. Sears and Dane Sears breached their fiduciary duties as employees of the corporation. Appellees also sought restitution of distributions Appellants received from the bankruptcy estate of AFY, Inc., and claimed that Appellants tortiously interfered with the Chapter 11 reorganization of AFY, Inc., and filed "bogus" claims as creditors.

On November 24, 2014, Appellants filed a notice of removal in the converted Chapter 7 bankruptcy of AFY, Inc. (Case No. 10-40875),[2] thereby initiating Adversary Proceeding No. 14-04060.[3] The bankruptcy court has subject matter jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334(b) (for claims "arising in or related to cases under" the Bankruptcy Code).

However, on December 11, 2014, the bankruptcy court ordered *sua sponte* that the adversary proceeding be remanded to the state court under the permissive abstention doctrine of 28 U.S.C. § 1334(c)(1) and the equitable remand doctrine of 28 U.S.C. § 1452(b). Appellants timely appealed the order to this court on December 24, 2014. *See* Fed. R. Bankr. P. 8002(a)(1).

---

[2] The Eighth Circuit has indicated that state court actions may be removed directly to a bankruptcy court, rather than removed to a district court and then referred to a bankruptcy court. See *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 n.4 (8th Cir. 1995).

[3] Notices of removal were also filed in the Chapter 11 bankruptcy of Korley B. Sears (Case No. 10-40277, Adversary Proceeding No. 14-04061) and the Chapter 11 bankruptcy of Robert A. Sears (Case No. 10-40275, Adversary Proceeding No. 14-04062).

This court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). Although 28 U.S.C. §§ 1334(d) and 1452(b) provide that decisions to, or not to, abstain or remand are not subject to review by appeal or otherwise by a "court of appeals" or by "the Supreme Court of the United States," appellate review by a district court (or bankruptcy appellate panel) is permitted. *In re Schmidt*, 453 B.R. 346, 349 (8th Cir. B.A.P. 2011); *Cargill, Inc. v. Man Fin., Inc. (In re Refco, Inc.)*, 354 B.R. 515, 518 (8th Cir. B.A.P. 2006). In addition, 28 U.S.C. § 1447(d) only prohibits appellate review of cases in which remand was based on a timely raised defect in the removal procedure or on the lack of subject matter jurisdiction, neither of which is present here. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995).

Permissive abstention decisions under § 1334(c)(1) and equitable remand decisions under § 1452(b) are reviewed for an abuse of discretion. *In re Williams*, 256 B.R. 885, 891 (8th Cir. B.A.P. 2001) (citing *In re DeLorean Motor Co.*, 155 B.R. 521, 524 (9th Cir. B.A.P. 1993)). "A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings." *Id.* (citations omitted).

The bankruptcy court's remand order (Doc. 14) reads in its entirety:

> This matter is before the court on the defendants' notice of removal (Fil. No. 1). Brian J. Koenig, Kristin M.V. Krueger, and Donald L. Swanson represent the defendants. Jerrold L. Strasheim represents the plaintiffs.
>
> This is a lawsuit brought by current shareholders of AFY, Inc., against former shareholders of the corporation concerning the terms of the sale of the former shareholders' stock to the current shareholders. The buyers and sellers are all members of the same extended family. The individual plaintiffs filed bankruptcy petitions in early 2010 and the matters at bar have been in litigation in one form or another ever since. This court has ruled that AFY and Korley Sears owe the defendants in this case more than $5 million; one of those orders is final (the claim

against AFY), and one is currently on appeal in the United States District Court (the claim against Korley Sears). Notwithstanding those rulings, the plaintiffs filed this lawsuit in Madison County District Court on October 20, 2014, alleging breach of contract as to the stock sale agreement, breach of fiduciary duty, unjust enrichment, conspiracy and tortious interference with business expectancies, and abuse of process.

The defendants removed the case to this court pursuant to 28 U.S.C. § 1452(a), which provides that a party may remove any claim or cause of action in a civil action to the district court for the district where such civil action is pending when the federal court has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334. Section 1334(a) gives the federal district courts "original and exclusive jurisdiction over cases under title 11," which are bankruptcy cases themselves. Section 1334(b) gives federal courts non-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Those civil proceedings are further divided into two categories: core proceedings and non-core, related proceedings. Core proceedings are those cases arising under title 11, or arising in a case under title 11, while non-core, related-to proceedings are those which could conceivably have an effect on the estate being administered in bankruptcy.

Certainly, the validity of the proofs of claim of the defendants against the bankruptcy estates of AFY, Inc., and Korley Sears are core proceedings within the jurisdiction of the Bankruptcy Court to enter final judgment. 28 U.S.C. § 157(b)(2)(B). However, those issues have already been decided by this court and the plaintiffs' causes of action are matters of common law; they are not sufficiently inherent to the bankruptcy case that they could be considered core proceedings. In that regard, § 1334(c)(1) permits a court to abstain from hearing a particular proceeding in favor of the state courts: "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

-4-

In deciding whether permissive abstention under § 1334(c)(1) is appropriate under the broad statutory guidelines of the interests of justice or comity, and keeping in mind "the premise that federal courts should exercise their jurisdiction if it is properly conferred and that abstention is the exception rather than the rule," [*Williams v. Citifinancial Mortg. Co. (In re Williams)*, 256 B.R. 885, 894 (B.A.P. 8th Cir. 2001),] courts consider the following factors:

(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties. *Stabler v. Beyers (In re Stabler)*, 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009) (citing *Williams*, 256 B.R. at 893-94 and *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993) ("Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.")).

Section 1452(b) also permits equitable remand of a removed action: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The analysis used to determine whether equitable remand under § 1452(b) is appropriate is virtually identical to the permissive abstention analysis, with the consideration of four additional factors:

(1) whether remand serves principles of judicial economy;

(2) whether there is prejudice to unremoved parties;

(3) whether the remand lessens the possibilities of inconsistent results; and

(4) whether the court where the action originated has greater expertise. *Farmers Bank & Trust Co. v. Chickasaw Prop., LLC (In re Burrow)*, 505 B.R. 838, 849-50 (Bankr. E.D. Ark. 2013).

The majority of these factors favor abstention and remand. As noted above, the allegations in the pending complaint pertain solely to state law causes of action. The case does not involve any bankruptcy law issues and no issues exclusive to bankruptcy. The plaintiffs have requested a jury trial and do not consent to entry of final judgment by the bankruptcy court. The state court is in the best position to determine the various issues raised in the complaint. To the extent the defendants feel that certain of the plaintiffs' claims are precluded due to prior rulings by this court in the bankruptcy cases, they are able to raise those preclusion arguments in state court. Those preclusion arguments are not bankruptcy issues or unique to bankruptcy courts. For these reasons, this court will abstain from hearing the lawsuit and will remand the case to state court.

> IT IS ORDERED: This lawsuit should be remanded to the District Court of Madison County, Nebraska. Relief from the automatic stay is hereby granted to the parties to pursue the state court litigation. The parties are directed to file a copy of this order with the Madison County District Court.

A bankruptcy court may reach the issue of abstention *sua sponte*, but only if the parties have advance notice that the court is considering abstention. *See Stabler v. Beyers (In re Stabler)*, 418 B.R. 764, 769 (8th Cir. B.A.P. 2009) ("[T]he procedure by which the [abstention] issue came before the bankruptcy court is largely irrelevant, as long as the Debtors had notice that the court was considering abstention."); *PRN Pharmaceutical Services, LP, v. Brownsburg Healthcare LLC (In re Kentuckiana Healthcare, LLC)*, Civil Action No. 3:12CV-705-S, 2014 WL 906121, at *3 (W.D.Ky. Mar. 7, 2014) ("The question of permissive abstention may be raised by this court *sua sponte*, as long as the parties have an opportunity to be heard."); *Gregory v. RHO Mobili D'Epocha (In re Gregory)*, Bankr. No. 11-07081, Adv. No. 11-0465A, 2011 WL 5118457, at *1 (Bkrtcy.M.D.Tenn. Oct. 27, 2011) ("Although abstention from the exercise of federal jurisdiction is the exception rather than the rule, the decision to do so is 'in the sound discretion of the bankruptcy judge and can be raised *sua sponte* as long as the parties have an opportunity to be heard.'") (quoting *Underwood v. United Student Aid Funds, Inc. (In re Underwood)*, 299 B.R. 471, 476 (Bankr.S.D.Ohio 2003)); *Vernell v. Washington Mutual Bank, F.A. (In re Vernell)*, Bankr. No. 07-15396, Adv. No. 07-01889, 2008 WL 434718, at *1 (Bkrtcy.S.D.Fla., Feb. 13, 2008) "Abstention from the exercise of federal jurisdiction is in the sound discretion of the Bankruptcy Court and can be raised *sua sponte* as long as the parties have an opportunity to be heard."); *see also In re Panther Mountain Land Development, LLC*, 686 F.3d 916, 928 (8th Cir. 2012) (concluding that the bankruptcy court improperly applied the doctrine of laches to a creditor's motion for relief from the automatic stay because the creditor "was not on notice that the court intended to *sua sponte* apply laches" and thus "had no reason to present evidence to justify its delay.").

Here, the bankruptcy court issued the remand order *sua sponte*, based solely on the notice of removal that was filed by Appellants. There was no motion before the court requesting that it abstain from hearing the adversary proceeding or that it remand the case to state court. In the notice of removal, Appellants complied with Rule 9027, which requires only "a short and plain statement of the facts which entitle the party filing the notice to remove" and a "statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge." Fed. R. Bank. P. 9027 (a)(1). When filing the notice of removal, Appellants were not required to anticipate that the bankruptcy court would decide questions of permissive abstention and equitable remand on its own motion, without any advance notice. On this appeal, Appellants have presented a convincing argument (discussing each of the factors identified in the bankruptcy court's order) as to why Appellees' action does not belong in state court.

The bankruptcy court abused its discretion by not affording Appellants an opportunity to present such an argument to it. Because of this procedural irregularity, the remand order must be reversed. The adversary proceeding will be remanded to the bankruptcy court for further proceedings.

IT IS ORDERED that:

1. Appellants' motion to supplement the record on appeal (Filing No. 14) is granted *instanter*, and the court takes judicial notice of the documents attached to such motion.

2. The order entered by the United States Bankruptcy Court for the District of Nebraska on December 9, 2014, remanding the adversary proceeding to the District Court of Madison County, Nebraska, is reversed, and the case is remanded to the bankruptcy court for further proceedings.

3. Judgment shall be entered by separate document.

DATED this 28th day of September, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.